UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 26, 2013

LETTER TO COUNSEL:

      RE:    *Joyce Ann Kline v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-3176

Dear Counsel:

On October 28, 2012, the Plaintiff, Joyce Ann Kline, petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Ms. Kline's Reply. (ECF Nos. 13, 17, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Ms. Kline filed her claim on March 20, 2009, alleging disability beginning on June 16, 2009. (Tr. 119-20). Her claim was denied initially on December 7, 2009 and on reconsideration on May 18, 2010. (Tr. 68-70, 77-78). A hearing was held on November 2, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 30-65). Following the hearing, the ALJ determined that Ms. Kline was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-24). The Appeals Council denied Ms. Kline's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Kline suffered from the severe impairments of degenerative disc disease, obesity, and gastroesophageal reflux disease ("GERD"). (Tr. 16). Despite these impairments, the ALJ determined that Ms. Kline retained the residual functional capacity ("RFC") to:

> [P]erform simple, unskilled, routine, low concentration, low memory, low stress, SVP 2 in nature, sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift 10 pounds occasionally, lesser amounts frequently. She can sit for an hour, and stand for 5-10 minutes consistently on an alternate basis, during an 8 hour work day, 5 days a week. She must avoid heights, hazardous machinery, and temperature and humidity extremes. The claimant should avoid jobs that require bending, crawling, or kneeling and repetitive neck turning. The

claimant can perform 1 or 2 step tasks, but should avoid jobs that require judgment or changes in the work setting or work at a production rate.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Kline could not perform her past relevant work as a teacher, benefits specialist, administrative secretary, or payroll clerk. (Tr. 23). However, considering Ms. Kline's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Ms. Kline can perform. *Id.*

Ms. Kline presents three arguments on appeal: (1) that the ALJ incorrectly concluded that her impairments did not meet or medically equal any of the impairments in Listing 1.04; (2) that the ALJ's RFC determination is erroneous because the ALJ omitted discussion of certain material medical reports and improperly weighed others; and (3) that the ALJ failed to properly evaluate her GERD impairment. While I disagree with the latter two arguments, I find that the ALJ failed to fulfill his duty of explanation with respect to Listing 1.04. Accordingly, I will remand this case to the Commissioner for further analysis.

Beginning with the unpersuasive arguments, Ms. Kline takes issue with the weight the ALJ assigned to various medical opinions. First, Ms. Kline questions the ALJ's rejection of two medical opinions from her treating physician, Dr. Stoddard. A treating physician's opinion must be given controlling weight when it is "well supported by medically acceptable clinical and laboratory techniques," and is "not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 416.927(d)(3); s*ee Craig,* 76 F. 3d at 590; *Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir. 2001); *Shorts v. Astrue,* No. TMD 09–1265M, 2011 WL 90006, at *3 (D. Md. Jan. 11, 2011).

When controlling weight is not given to a treating source's opinion, the ALJ will look to several factors to determine the opinion's proper weight. *See* 20 C.F.R. § 404.1527(c)(2). These factors include the length of the treatment relationship and the frequency of examination, as well as the nature and extent of the treatment relationship. *Id.* The ALJ will also consider other factors such as the evidence supporting the opinion, whether the opinion is consistent with the record as a whole, and whether the opinion is given by a specialist in an area of his specialty. *Id.* I find that the ALJ properly considered those relevant factors in assessing the May 5, 2010 and June 22, 2010 opinions of Dr. Stoddard. The ALJ determined that the opinions were "not supported by medical signs and laboratory findings, and are inconsistent with the record as a whole." *Id.* Moreover, the ALJ stated, "Dr. Stoddard's opinions are conclusory, primarily based on the claimant's subjective complaints and outside of his range of expertise as Dr. Stoddard's specialty is Internal Medicine and he retains no specialization in Neurology or Orthopedics." *Id.* at 22-23. Dr. Stoddard's opinions list, in conclusory fashion, numerous limitations on Ms. Kline's ability to sit, stand, and lift, without any citation to relevant evidence. (Tr. 702-07). Moreover, as the ALJ notes, Dr. Stoddard was opining on matters outside of his expertise as an internist. As a result, I conclude that the ALJ's decision to give Dr. Stoddard's opinions no weight is supported by substantial evidence.

Second, Ms. Kline argues that the ALJ failed to discuss and assign weight to the opinions of two other treating physicians, Dr. Burke and Dr. Lohr. Pl.'s Mot. 41-48. However, neither doctor delivered opinions as to Ms. Kline's ability to perform work-related functions. An ALJ is not required to address every piece of evidence in the record, so long as a reviewing court can determine from the opinion "what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays,* 176 F.3d 753, 762 n.10 (4th Cir. 1999) (citing *Lane Hollow Coal Co. v. Dir., Office of Workers' Comp. Programs,* 137 F.3d 799, 803 (4th Cir.1998)); *see also Melgarejo v. Astrue,* No. JKS 08–3140, 2009 WL 5030706, at *4 (D. Md. Dec. 15, 2009) (all holding that an ALJ's duty to explain his findings and conclusions on all material issues of fact or law is satisfied when a reviewing court can determine, from an ALJ's opinion and the evidence of record, how he reached his conclusion). In a December 28, 2009 letter, Dr. Burke specifically stated that he could not make a recommendation regarding disability. (Tr. 536, 590). Dr. Lohr opined on Ms. Kline's ability to work only once, stating that she should not work for three weeks. (Tr. 489). The remaining medical evidence from Dr. Burke and Dr. Lohr is limited to operative reports, (Tr. 214-16, 400-16, 584-86) and treatment notes (Tr. 398-99, 487-509, 591-603), and it is evident that the ALJ considered these records in his evaluation. *See* (Tr. 20, 21) (noting the microdiscectomy and posterior lumbar fusion performed by Dr. Burke, as well as the January 7, 2010 letter from Dr. Lohr).

Ms. Kline also disagrees with the ALJ's assignment of weight to the opinions of Dr. Hanley, Dr. Callahan, Dr. Kramer, and Dr. Moore. The ALJ stated that he assigned little weight to Dr. Hanley's opinion because Dr. Hanley opined that Ms. Kline is permanently "disabled," and it was not clear to the ALJ whether the doctor was using that term as it is commonly understood or as it is defined in the Social Security Act. (Tr. 22). The ALJ assigned "some weight" to Dr. Callahan's opinion to the extent that it was consistent with the RFC and longitudinal medical record, but little weight to Dr. Callahan's October 20, 2009 opinion, which stated that Ms. Kline should remain out of work until early November 2009. (Tr. 22, 353). The ALJ reasoned that the October 2009 opinion was related to a specific evaluation period and that there was no indication that Dr. Callahan limited Ms. Kline's ability to work beyond early November 2009. (Tr. 22). Finally, the ALJ accorded "significant weight" to Dr. Kramer and Dr. Moore's opinions to the extent that they were consistent with the RFC and longitudinal medical record. However, the ALJ accorded "little weight" to these opinions with respect to Ms. Kline's postural and manipulative abilities because medical evidence submitted at the hearing indicated that Ms. Kline's abilities in these areas were more limited than Dr. Kramer and Dr. Moore assessed. (Tr. 21). I find that the ALJ's description of the weight he assigned to these various opinions is supported by clear reasoning and substantial evidence in the record. Accordingly, the ALJ's decision with regard to these opinions is affirmed.

Ms. Kline's final argument is that the ALJ did not properly evaluate her GERD. She contends that the ALJ failed to consider any medical evidence related to GERD, failed to discuss the reports of Ms. Kline's treating surgeon, and failed to make any findings of the limitations that may have been imposed by GERD. Ms. Kline correctly notes that her GERD was determined to be severe at Step Two, which is a "de minimis screening device used to dispose of groundless claims." *See Taylor v. Astrue*, No. BPG-11-0032, 2012 WL 294532 (D. Md. Jan. 31, 2012)

(quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a de minimis severity requirement."). However, an ALJ may "find at step two that a claimant's condition is severe—because the medical evidence does not conclusively prove otherwise—and yet at step four find no substantial evidence that the condition actually limits the claimant's ability to work." *Id.* Here, although the ALJ concluded that Ms. Kline had GERD, a severe impairment, the ALJ did not find that GERD would limit Ms. Kline's ability to do work in accordance with the RFC. This is supported by Ms. Kline's medical records which suggest her functional limitations were primarily related to lower back and leg pain, and not to GERD. *See* (Tr. 512-19). Moreover, Ms. Kline does not identify any specific functional limitations associated with her GERD. As such, I find no error in the ALJ's analysis of that impairment.

Ms. Kline's Listing argument, however, has more merit. Ms. Kline contends that her cervical and lumbar impairments satisfy the criteria in Listing 1.04(A) for spine disorders. Pl.'s Mot. 31-41. She argues that the ALJ failed to explain which Listings he considered in concluding that her impairments did not meet or medically equal any of the listed impairments. (Tr. 18).

A claimant bears the burden of demonstrating that her impairment meets or equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir.1986). To meet Listing 1.04(A), the claimant must demonstrate a disorder of the spine, such as degenerative disc disease, that results in "compromise of a nerve root… or the spinal cord," 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04, and also "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04(A). There is no dispute that Ms. Kline's degenerative disc disease results in nerve root and spinal cord compromise. The Commissioner posits, however, that Ms. Kline's impairments do not satisfy the remaining criteria of Listing 1.04(A), and that the ALJ therefore did not have to identify or discuss the Listing. *See Ketcher v. Apfel,* 68 F. Supp. 2d 629, 645 (D. Md. 1999) (holding that an ALJ is required to discuss listed impairments and compare them individually to Listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments.").

Without determining whether or not the Listing is met, I find that ample evidence exists here so as to trigger the ALJ's duty to evaluate the Listing. The Commissioner concedes that a review of Ms. Kline's medical evidence shows "nerve root or spinal cord compromise, limitation of motion, and positive straight-leg testing." Def.'s Mot. 21. The Commissioner further acknowledges that Ms. Kline's medical records show some limited evidence of reflex loss, sensory loss, and muscle weakness, all requirements of the sub-section. *See* Def.'s Mot. 22 (noting medical records that show an absent ankle jerk on the left and mild depression of right ankle jerk, reduced sensation in Ms. Kline's legs, and Ms. Kline's overall leg weakness). Ms. Kline also points to several of her medical records showing motor and sensory loss, including a

*Joyce Ann Kline v. Commissioner, Social Security Administration*
Civil No. SAG-12-3176
September 26, 2013
Page 5

follow-up treatment report noting numbness in the posterior lower extremities down to her feet and "very shaky" lower extremities. (Tr. 532-34). In light of the ample evidence suggesting that Ms. Kline could potentially meet the criteria of Listing 1.04(A), I will remand the case for the ALJ to consider the aforementioned evidence in an express analysis of the 1.04(A) criteria. In determining whether Ms. Kline meets the requirements of the Listing, the ALJ can consider whether or not it would be appropriate to obtain the assistance of a medical expert. Although I am remanding the case for further analysis, I express no opinion as to whether or not the Listing has been met.

For the reasons set forth above, the Commissioner's Motion for Summary Judgment (ECF No. 17) and Ms. Kline's Motion for Summary Judgment (ECF No. 13) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge